### SIMEON PEASE *versus* THE INHABITANTS OF CORNISH.

Upon the refusal by the treasurer of a town to pay an order drawn by the selectmen upon him, payable on demand, it is not necessary that it be produced and exhibited ; it is sufficient that the person making the demand have it with him, that it may upon payment be delivered up and cancelled.

The clause, " it being for his proportional part of the surplus revenue fund," inserted in an order drawn by the selectmen on the town treasurer, designates the purpose for which the order was drawn, and not the fund from which it was to be paid.

THIS was an action of assumpsit brought originally before a justice of the peace, by the plaintiff, to recover the amount alleged to be due on a town order drawn by the selectmen of the town of Cornish, of which the following is a copy :

" Cornish Surplus Revenue Deposit Fund.

" Sum, $16,32.

" To Augustus Johnson, Treasurer of Cornish, or his successor in said office,

" Pay to Jonathan Sweat or bearer, five dollars on demand and eleven dollars and thirty-two cents in October next, it being his proportional part of the surplus revenue deposit fund.

" Cornish, April 11th, 1838."

On the back of this order was an indorsement of the first instalment, and an order by Jonathan Sweat to pay the within to the plaintiff.

To prove a demand on the treasurer, the plaintiff produced a paper headed, " list of surplus orders," in which list was included the one in suit — and called A. Johnson, the treasurer of the town, who testified that the plaintiff called on him, May 13, 1839, and presented said list, and said that was a list

Pease *v.* Cornish.

of his orders — and a bundle of papers which he said were his
bundle of orders — that he did not see them to examine them,
or to know what they were — nor did he ask any questions in
relation to the same — nor did the plaintiff present any other
paper than the list of orders — that there were then no funds
in the treasury, and he so informed the plaintiff.

The plaintiff likewise read a vote of the town, passed April
2, 1838, by which the selectmen were authorized to distribute
the surplus revenue by drawing orders on the town treasurer,
in favor of each person entitled to said money; the money
on hand to be paid on demand, and the remainder in October
next.

The defendants proved — that under the following votes of
the town of Cornish, passed April third, 1837, viz : " Voted to
receive the surplus revenue money ;"—" Voted Simeon Pease
agent to receive the surplus money and authorize him to pur-
chase bank shares at par or less," the plaintiff received from
the treasurer of the State the first and second instalments paid
by the State, with which he purchased bank shares in the City
Bank, Portland — and that no part of said sum or any interest
thereon has ever been received by the defendants.

WHITMAN J. before whom the cause was tried, instructed
the jury that they should find for the plaintiff if they believed
the testimony offered.   The jury returned a verdict for the
the plaintiff, and the defendants excepted to the ruling and
instructions given.

*Howard*, in support of the exceptions, contended that the
order in suit was in fact two orders — and there should be
a presentment for each instalment.   Bailey on Bills, 219;
*Varner* v. *Nobleborough*, 2 Greenl. 121; *Freeman* v. *Boyn-
ton*, 7 Mass. R. 486.

The first instalment was paid.   When the last was demand-
ed a list was shown but no orders presented.   A presentment
is necessary.   Bailey on Bills, 219, 240; *Esdale* v. *Sowerby*,
11 East, 114; *Groton* v. *Dallheim*, 6 Greenl. 476; *Shaw* v.
*Reed*, 12 Pick. 132.   The treasurer could not waive a due

Pease v. Cornish.

presentment, and bind the town by such waiver. 2 Kent's Com. 292 ; *U. S.* v. *Lyman*, 1 Mass. R. 504 ; *Johnson & al.* v. *U. S.* 5 Mass. R. 441 ; *The Margaretta*, 2 Gall. 515 ; *Parsons* v. *Armor*, 3 Pet. U. S. R. 428 ; Story on Agency, 17, 18, 156.

The order cannot be collected, being drawn on a supposed and non-existent fund. There was no surplus money to distribute. The order was drawn on the faith of the plaintiff's proposal. The fund on which it was drawn cannot be supplied. *Hooper* v. *Emery*, 2 Shepl. 75. It is then not an order but a mere certificate for distribution, upon which the town is not liable. It is without consideration, no value having been received for it.

*Clifford* and *Jamieson*, contra, insisted that no demand was necessary, the note being payable at a particular place. *Varner* v. *Nobleborough*, 2 Greenl. 122. Readiness to pay must be shown in defence. *Bacon* v. *Dyer*, 3 Fairf. 19. There was no funds, and a demand was unnecessary. *Flint* v. *Rogers*, 3 Shepl. 69. Being payable at a particular place, the town must take notice. *Penob. Boom Cor.* v. *Wadleigh*, 4 Shepl. 236. The order was negotiable. If not demanded the treasurer may waive a demand. *Veazy* v. *Harmony*, 7 Greenl. 91 ; *Belfast* v. *Leominster*, 1 Pick. 123 ; Bailey on Bills, 242 ; *Fuller* v. *McDonald*, 8 Greenl. 213 ; *Augusta* v. *Leadbetter*, 4 Shepl. 48. The town had authority to raise money to meet these orders. *Fletcher* v. *Buckfield*, 5 Shepl. 81 ; *Davis* v. *Bath*, 5 Shepl. 141.

The opinion of the Court was delivered by

SHEPLEY J.— An order drawn by the selectmen upon the treasurer of a town must be presented for payment. *Varner* v. *Nobleborough*, 2 Greenl. 121. The person making such presentment should have it with him, that it may upon payment be delivered up or cancelled. But it is not necessary, when payment is declined, that it should be produced and exhibited. The treasurer states, that a list headed, "list of sur-

plus orders due on said Feb. 1, 1839," containing names and sums was presented to him and payment demanded by the plaintiff, holding in his hand a bundle of papers and declaring them to be his orders ; and that he told him, that he had no funds. On that list is found the name of Jonathan Sweat, which is the name of the person in whose favor the order was drawn. This is equivalent to a request to have $16,32, due on an order drawn in favor of Jonathan Sweat, paid ; and that was a sufficient description, when payment was declined without desiring a more exact one.

It is said, that the order was drawn on a particular fund, which has never been received into the treasury. The language in the last clause of the order, " it being for his proportional part of the surplus revenue fund," designates the purpose for which it was drawn ; not the fund out of which it was to be paid. The treasurer is not instructed to pay it out of the surplus revenue fund. Nor can the objections, that there was a mutual mistake, and a want of consideration, prevail. The town had by its authorized agent received its share of the surplus revenue from the State, and had voted to distribute it as the act of the legislature permitted. Sweat became thus entitled to his share ; and if the money was not then in the treasury, the town might, as was decided in *Davis* v. *Bath*, 17 Maine R. 141, cause funds to be placed in the treasury for the purpose of payment.

*Exceptions overruled.*